UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Tampa Division

**JAMES HENNESSEY,**

      Plaintiff,                            Case No. 8:23-cv-01289-WFJ-JSS

v.

**CLIMATE FIRST BANK,**

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, CLIMATE FIRST BANK (the "Bank"), by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Motion to Dismiss the Amended Complaint and Demand for Jury Trial (the "Amended Complaint") (Doc. 14), filed by Plaintiff, James Hennessey ("Hennessey"). For the reasons articulated below, the Bank respectfully requests that this Court dismiss Hennessey's Amended Complaint for failing to comply with the pleading standards set forth in the Federal Rules of Civil Procedure. Additionally, because Hennessey has already been provided with an opportunity to amend his Complaint to include sufficient allegations to support his claims, the Bank requests that such dismissal be with prejudice.

## INTRODUCTION

This is an employment dispute in which Hennessey brings claims against his former employer, the Bank for, for unlawful age discrimination under the Age Discrimination in Employment Act (the "ADEA"). In particular, Hennessey claims that he was demoted (Count I) and later terminated (Count II) because of his age. However, Hennessey's Amended Complaint provides no factual support for his bold claims of discrimination, seemingly arguing in conclusory fashion that because he was demoted and later terminated and was over forty at the time, such employment decisions must have been made on the basis of his age. What is more, Hennessey's Amended Complaint actually provides an *alternative* reason for the Bank's decision-making other than his age. Such allegations are fatal to Hennessey's claims of age discrimination, which are ultimately subject to a *"but for"* standard of causation.

The insufficiency of Hennessey's allegations are further underscored by the fact that in response to the Bank's Motion to Dismiss Hennessey's original Complaint, Hennessey has *already* amended his Complaint once to include additional allegations in an attempt to save the same from dismissal. Despite these efforts, Hennessey has still failed to make out an plausible claim for demotion and termination on the basis of his age. As a result, his Amended Complaint must be dismissed in full and *with prejudice* for failure to state a claim upon which relief can be granted.

2

## PLAINTIFF'S ALLEGATIONS[1] AND PROCEDURAL BACKGROUND

1. Hennessey is over 50 years of age. *See* Amended Complaint at ¶ 9.

2. Hennessey began working for the Bank as its Director of Residential Lending in or around August of 2022. *See id.* at ¶ 8.

3. Hennessey claims that the Bank "went to great lengths to promote [his] hiring and his ambitions…" *See id.* at ¶ 15.

4. Hennessey claims that after he was hired, he made the Bank aware that its operations were "subject to countless federal reserve regulations and non-discrimination requirements."[2] *See id.* at ¶ 12.

5. Hennessey claims that in January of 2023, approximately five months after he was hired, the Bank demoted him and filled his role with a younger man who he claims did not have adequate qualifications.[3] *See id.* at ¶¶ 17, 19.

6. Hennessey claims this demotion was part of the Bank's "covert scheme," allegedly developed a mere three months after it hired an over-50

---

[1] The Bank accepts Hennessey's allegations for the purposes of the instant Motion only and reserves all rights to later deny or otherwise respond to the same.

[2] While immaterial to the sufficiency of Hennessey's allegations or the instant Motion, the Bank and its management team are keenly aware of the federal regulations and other requirements that govern their operations. Mr. Hennessey in no way put the Bank on first notice of any such regulations.

[3] Again, while immaterial to the sufficiency of Hennessey's allegations or the instant Motion, the individual to whom Hennessey refers has decades of experience leading residential lending departments and is not significantly younger than Hennessey.

3

Hennessey, "to present a youthful image" and "to hire younger executive employees [the Bank] could easily manipulate to skirt federal lending regulations."[4] *See id.* at ¶¶ 13, 16, 17. In other words, according to Hennessey, the Bank "chose to discard him to avoid compliance with regulations with which the younger replacement had no experience." *See id.* at ¶ 15.

7. Hennessey claims that in April of 2023, approximately eight months after he was hired, the Bank terminated his employment. *See id.* at ¶ 21.

8. On this basis, Hennessey brings claims for discriminatory demotion (Count I) and discriminatory termination (Count II), both allegedly on the basis of age, in violation of the Age Discrimination in Employment Act (the "ADEA").

9. Hennessey filed his original Complaint (Doc. 1) on June 8, 2023. The Bank filed a Motion to Dismiss (Doc. 10) on July 5 and moved to dismiss Hennessey's Complaint in full for failure to state a claim upon which relief could be granted. In response to the Bank's Motion to Dismiss, Hennessey has now filed his Amended Complaint, in which he included a limited number of additional allegations in support of his claims.

---

[4] The Bank firmly and unequivocally denies that it has ever attempted to violate or has violated any applicable federal regulation or requirement governing its operations.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint on its face. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Rule 8 of the Federal Rules of Civil Procedure requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.*  Rather, the plaintiff bears the burden of pleading facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of [his] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements . . . will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This in mind, "the main Rule 8(a) standard now seems to be whether the 'allegations plausibly suggest[ ] ([and are] not merely consistent with)' a violation of the law."  *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

5

## MEMORANDUM OF LAW

I.  **To Survive A Motion To Dismiss Claims Under The ADEA, A Plaintiff Must Set Out Sufficient Facts To Demonstrate Direct, Statistical, Or Circumstantial Evidence To Suggest Intentional Discrimination.**

In his Amended Complaint, Hennessey purports to state a claim under the ADEA, which means that he is required to "provide enough factual matter (taken as true) to ***suggest*** intentional [age] discrimination." *See Davis*, 516 F.3d at 974 (emphasis added). A plaintiff can establish intentional discrimination through direct evidence, statistical evidence, or circumstantial evidence. *Townsend v. Hilton Worldwide, Inc.*, No. 8:16-CV-990-17JSS, 2016 WL 6518437, at *5 (M.D. Fla. Nov. 1, 2016). Thus, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to demonstrate direct evidence of discriminatory intent, statistical evidence of discriminatory intent, or factual allegations sufficient to create an inference of discriminatory intent as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[5] *See id.*

---

[5] In order to prove a *prima facie* case of discrimination under the burden-shifting framework established in *McDonnell-Douglas*, a plaintiff must typically show that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse action; and (4) similarly-situated employees outside the protected class were treated more favorably with respect to the at-issue employment action. While "[a] plaintiff does not need to plead a *prima facie* case for job discrimination to survive a motion to dismiss," he must still "allege facts adequate to raise [his] right to relief *above a speculative level*." *Harakal v. Composite Motors, Inc.*, No. 8:22-CV-2192-TPB-JSS, 2022 WL 17782368, at *3 (M.D. Fla. Dec. 19, 2022) (internal quotations and citations omitted) (emphasis added).

6

## II. Hennessey Has Alleged No Direct Or Statistical Evidence Of Discrimination.

First, Hennessey's Amended Complaint includes no factual allegations that, if true, provide direct evidence of discrimination. "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact in issue without inference or presumption." *Castro v. Sch. Bd. of Manatee Cnty., Fla.*, 903 F. Supp. 2d 1290, 1299 (M.D. Fla. 2012). "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, ... constitute direct evidence of discrimination." *Chambers v. Walt Disney World Co.*, 132 F.Supp.2d 1356, 1364 (M.D. Fla. 2001) (internal quotations and citation omitted). The Amended Complaint makes no specific allegation of any such blatant conduct or statements in connection with Hennessey's alleged termination. Similarly, the Amended Complaint contains no allegations of any statistical evidence of intentional discrimination. As a result, Hennessey's Amended Complaint can only escape dismissal if it includes sufficient allegations that present plausible circumstantial evidence of intentional discrimination.

### III. Hennessey Has Alleged Insufficient Circumstantial Evidence To Create A Plausible Inference Of Intentional Discrimination.

#### a. Count I – Discriminatory Demotion

Hennessey's Amended Complaint is also lacking in non-conclusory circumstantial evidence of discrimination sufficient to give rise to a plausible inference of the same. As to his claim for discriminatory demotion (Count I), Hennessey claims only that the Bank demoted him and filled his role with a younger man who was allegedly not qualified for the position. *See* Amended Complaint at ¶¶ 16-17, 20. As an initial matter, Hennessey has failed to allege facts to support a key element of his *prima facie* case – namely, that he was qualified for his original position. Regardless, Hennessey's allegations are insufficient to create an otherwise reasonable inference of intentional age discrimination, as merely articulating the elements of a *prima facie* case in conclusory fashion is insufficient to state a claim for relief. Such was the case in *Agostino v. Lee Cnty. Bd. of Cnty. Commissioners*, No. 2:17-CV-236-FTM-99CM, 2017 WL 2930807 (M.D. Fla. July 10, 2017), where the court found that the plaintiff's mere recital of the *prima facie* elements of her discrimination claim was insufficient to survive the defendant's motion to dismiss. *See id.* at *3 ("Here, Plaintiff has alleged that she was over forty and qualified for her job when she was replaced by a thirty-year old. But her factual allegations end there for stating a plausible claim of intentional age discrimination.").

Moreover, a thorough reading of Hennessey's allegations makes clear his position that the Bank's reason for his demotion was ***not actually his age***, but was the Bank's alleged desire to "avoid compliance with regulations" by hiring an individual who had "no experience" with the same. *See* Amended Complaint at ¶ 15. Importantly, "[t]o establish a disparate-treatment claim under the plain language of the ADEA ..., a plaintiff must prove that age was the ***'but-for' cause*** of the employer's adverse decision." *Castro v. Sch. Bd. of Manatee Cnty., Fla.*, 903 F. Supp. 2d 1290, 1299 (M.D. Fla. 2012) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)) (emphasis added); *see also Garvey v. Sec'y, United States Dep't of Lab.*, No. 8:22-CV-2309-WFJ-AEP, 2023 WL 4405571, at *2 (M.D. Fla. July 7, 2023) (Jung, J.) ("[A] plaintiff's age must be the sole cause of an adverse employment action for purposes of an ADEA disparate treatment claim." (internal citation and quotations omitted)). Thus, while the Bank firmly denies that it has ever violated or avoided compliance with any applicable federal regulation, Hennessey's allegation that it was his familiarity with federal regulations (and his replacement's alleged lack of experience with the same) that led to his termination fatally undermines any plausible conclusion that his age was the but-for cause of his demotion. *See, e.g., Garvey*, 2023 WL 4405571, at *2 (Jung, J.) (dismissing claim of age discrimination when plaintiff failed to allege that age was the sole cause of her

9

adverse actions and instead claimed these actions had been taken for other additional reasons).

### b. Count II – Discriminatory Termination

Hennessey's claim for discriminatory termination (Count II) is equally unsupported. First, Hennessey has failed to allege facts sufficient to give rise to a *prima facie* case of discrimination on the basis of age in that he has made no allegations that the role from which he was terminated was ultimately filled with a younger individual outside his protected class. *See* G*arvey v. Sec'y, United States Dep't of Lab.*, No. 8:22-CV-2309-WFJ-AEP, 2023 WL 3057474, at *6 (M.D. Fla. Apr. 24, 2023) (Jung, J.) (dismissing age discrimination claim when, "concerning the fourth element of an ADEA disparate treatment claim, Plaintiff fails to allege that a younger individual was selected for the District Director position that she sought"). Even outside his *prima facie* case, Hennessey has alleged no facts to support a reasonable inference – or any inference at all – that intentional discrimination was the underlying cause of such termination. To the contrary, the facts alleged support the ***opposite*** inference, as Hennessey alleges that the Bank "went to great lengths to promote [his] hiring and his ambitions…" *See* Amended Complaint at ¶ 15. It is simply not plausible to conclude that the Bank hired Hennessey, "promoted his hiring and ambitions," and then demoted and later fired him a mere eight

10

months later because of his age (or some other protected characteristic).[6]  In sum, Hennessey simply alleges that he was terminated and somehow, without any plausible non-conclusory factual support, claims that this termination was based on his age.  These types of conclusory statements are the very type of "label and conclusion" that is insufficient to state a claim for relief.  *See Harakal*, 2022 WL 17782368, at *3 (granting dismissal when, as here, plaintiff had "alleged that she was sixty years old and was terminated" but did "not include any facts that suggest age discrimination, such as being replaced by a younger employee, or any disparate treatment compared to younger employees"); *Ivory v. Nemours Found.*, No. 3:21-CV-423-TJC-MCR, 2022 WL 1689079, at *4 (M.D. Fla. May 26, 2022).  As a result, Hennessey's claim for discriminatory termination must be dismissed.

### IV. Because Hennessey Has Already Had The Opportunity To Cure His Pleading Deficiencies But Failed To Do So, Dismissal With Prejudice Is Warranted.

As explained above, Hennessey has been on notice of the deficiencies in his pleading since the Bank filed its original Motion to Dismiss.  In response to that Motion, Hennessey amended his allegations.  Despite these efforts,

---

[6] Under established anti-discrimination law, evidence that the same actor both hired and fired the plaintiff can support a finding that an employer did not terminate the employee with discriminatory intent.  *See generally Smith v. Fla. Dep't of Transp.*, No. 98-1349-CIV-T-25F, 1999 WL 33216741, at *4 (M.D. Fla. Nov. 30, 1999).  The same principle applies to Hennessey's case.  It is not plausible for Hennessey to argue that the Bank hired him and fully promoted his hiring with full knowledge of his age but then later terminated him on this basis.

however, Hennessey's claims remain implausible as pled. He has made no sufficient connection between any of the Bank's employment decisions and his age, and has instead supplied alternative reasoning for the same. As a result, dismissal of his Amended Complaint with prejudice is appropriate. *See, e.g.*, *Garvey*, 2023 WL 4405571, at *2 (Jung, J.) (dismissing claim of age discrimination with prejudice after plaintiff's unsuccessful prior attempt to amend).

## CONCLUSION

Hennessey's Amended Complaint simply does not make out a plausible case for intentional discrimination. His conclusory statements that because he allegedly faced adverse actions during his employment such actions must have been based on his age are insufficient to save his Amended Complaint, and the Bank thus respectfully requests that this Court dismiss his Amended Complaint in full and with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) of the Middle District of Florida, the Bank's counsel conferred in good faith by phone with counsel for Hennessey on August 1, 2023. The Parties were unable to reach resolution as to the instant Motion to Dismiss, and Hennessey's counsel opposes the relief requested.

Dated: August 2, 2023.	Respectfully submitted,

*/s/ Mary Caroline Cravatta*

John S. Lord, Jr.
Florida Bar No. 16527
jlord@foley.com
avargas@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Blvd.
Suite 1900
Miami, Florida 33131
Telephone:  (305) 482-8400

Mary Caroline Cravatta
Florida Bar No. 125712
mcravatta@foley.com
ctavarez@foley.com
FOLEY & LARDNER LLP
301 E. Pine Street
Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-7656

***Counsel for Climate First Bank***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on August 2, 2023, a copy of the foregoing was electronically filed via CM/ECF, which will effect service on all counsel of record identified below:

Craig L. Berman, Esq.
BERMAN LAW FIRM, P.A.
111 Second Avenue N.E., Suite 706
St. Petersburg, Florida 33701
Telephone: (727) 550-8989
craig@bermanlawpa.com
blfpa@yahoo.com
jennifer@bermanlawpa.com
service@bermanlawpa.com

*Counsel for Plaintiff*

*/s/Mary Caroline Cravatta*
Mary Caroline Cravatta

4879-3599-2436.2