UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES HENNESSEY,**

   **Plaintiff,**

vs.                Case No. 8:23-cv-01289

**CLIMATE FIRST BANK,** a
Florida corporation,

   **Defendant.**

_____/

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

  Plaintiff, JAMES HENNESSEY ("Plaintiff"), by and through his undersigned counsel, files this Memorandum in opposition to Defendant's Motion to Dismiss ("MTD") the Amended Complaint with prejudice grounded on Plaintiff "failing to comply with the pleading standards set forth in the Federal Rules of Civil Procedure" (MTD at 1). Defendant contends that Plaintiff "failed to include sufficient allegations to support his claims." Defendant's MTD should be denied.

**I. APPLICABLE PLEADING STANDARDS**

  "A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." <u>I.H. ex rel. D.S. v. Cumberland Valley Sch.</u>

Dist., 842 F. Supp. 2d 762, 769–70 (M.D. Pa. 2012). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting, Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations; it need only contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a civil plaintiff must allege facts that "raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555. Thus, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than a "sheer possibility." Iqbal, 129 S.Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Twombly, 550 U.S. at 557.

"Legal conclusions" or "naked assertions" are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a Rule 12(b)(6) motion to dismiss. Iqbal, 129 S.Ct. at 1950. A "complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those

facts or will ultimately prevail on the merits." <u>Twombly</u>, 550 U.S. at 556–57.

<u>Twombly</u> did not adopt a "heightened pleading standard." <u>Id.</u> at 570.

## II. WELL PLEADED FACTUAL ALLEGATIONS IN COUNT I

Count I alleges:

    22.    Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

    23.    **Plaintiff was demoted because of his age** and replaced with a younger individual who lacked adequate knowledge or experience to run a residential lending program.

    24.    **Defendant replaced other senior executive based on age and other unlawful factors**.

    25.    Plaintiff has been damaged by the conduct of Defendants.

Count I incorporates the following averments:

    13.    Once Plaintiff made Defendant aware that Defendant's Residential Lending program would require the hiring of specialized employees and software, **Defendant's CEO decided that he wanted to hire younger executive employees he could easily manipulate to skirt federal lending regulations**.

    14.    Defendant replaced a SVP of Human Resources executive based in part on her age. **Other executives reporting directly to Defendant's CEO made disparaging about an older executive**.

    15.    Defendant CFB went to great lengths to promote Plaintiff's hiring and his ambitions to current and

        prospective shareholders, many of whom responded warmly and with excitement. **Defendant knew Plaintiff was highly competent but chose to discard him to avoid compliance with regulations with which the younger replacement had no experience**.

16. Defendant's CEO adopted a covert plan in November and December 2022 to replace Plaintiff as SVP and Residential Lending Director who was decades younger than Plaintiff.

17. In or around January 2023, Defendants demoted Plaintiff to focusing almost exclusively on loans as if he were a loan officer. There was no reason articulated for the replacement.

18. Plaintiff's replacement effectively became his supervisor and **the younger employee fit the CEO's plan to hire younger executives and present a youthful image**. The HR executive mentioned about who was discarded was replaced with a much younger white female with no significant experience.

19. **After Defendant decided to hire a younger replacement it could manipulate, Defendants would not permit Plaintiff to build a team of people to create the division**, regardless of his efforts to do so such as placing listings for openings and interviewing candidates.

20 Plaintiff's replacement was encouraged to build the team with anybody he saw fit with little to no constraints. **The much younger replacement did not have adequate qualifications to replace Plaintiff.**

## III. WELL PLEADED FACTUAL ALLEGATION IN COUNT II

Count II alleges:

> 26. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.
>
> 27. **Plaintiff was terminated because of his age. Plaintiff was replaced with an unqualified individual who had never directed a residential lending program**.
>
> 28. The replacement director was ordered to discharge Plaintiff because **Defendant made conscious decisions to present a younger image to stakeholders and potential investors**.
>
> 29. Plaintiff has been damaged by the conduct of Defendants.

## IV. POTENTIAL ALTERNATIVE REASONS FOR ADVERSE ACTION DO NOT PERMIT DISMISSAL

In Twombly, the Supreme Court considered the pleading sufficiency of a claim under section 1 of the Sherman Act, 15 U.S.C. § 1. It held that a claim under section 1 of the Sherman Act, 15 U.S.C. § 1, must allege facts suggesting an agreement "in restraint of trade or commerce," and that a bald allegation of parallel conduct that may constitute circumstantial evidence of such an agreement is insufficient without more. 550 U.S. at 556. The Supreme Court held:

> Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading

> stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." Ibid. In identifying facts that are suggestive enough to render a § 1 conspiracy plausible, we have the benefit of the prior rulings and considered views of leading commentators, already quoted, that lawful parallel conduct fails to bespeak unlawful agreement. It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.

Id. at 556-67 (footnote omitted).

Twombly found a pleading deficiency: "the complaint leaves no doubt that plaintiffs rest their § 1 claim on descriptions of parallel conduct and **not on any independent allegation of actual agreement** among the ILECs." Id. at 564.

Defendant improperly construes "plausibility" as a "probability" requirement that permits a court to weigh the truth of the ultimate fact of discrimination. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.

-6-

The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims"). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. "Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 514. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id. at 515 (quoting, Scheuer, 416 U.S. at 236).

## V. PRIMA FACIE CASE NEED NOT BE ALLEGED TO PLEAD AN ADEA CLAIM

The Complaint alleges that Defendant's CEO was actually motivated by age even if the purported business reason for such age discrimination was based on a stereotype that younger employees are easier to control and manipulate. The Complaint contains "nonconclusory descriptions of specific, discrete facts of the who, what, when, and where variety." Feliciano v. City of Miami Beach, 707 F.3d 1244, 1253 (11th Cir. 2013).

"Although a plaintiff need not plead a prima facie case of discrimination at the outset, the prima facie elements can nevertheless aid a reviewing court in organizing the allegations and identifying any material omissions at the

pleading stage." DiBenedetto v. AT&T Services, Inc., 2022 WL 1682420, at *6 (N.D. Ga. 2022). In Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002), the Supreme Court held that the "requirements for establishing a prima facie case under McDonnell Douglas [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." Id. at 511. The Court "rejected the argument that a Title VII complaint requires greater "particularity." Id. Swierkiewicz forecloses Defendant's argument that the Amended Complaint is insufficient because it failed to plead that Plaintiff was qualified.

Nonetheless, Plaintiff pleaded that Defendant represented to its shareholders that Plaintiff was highly qualified. "A complaint asserting employment discrimination under the ADEA need not contain specific facts establishing a prima facie case." Buchanan v. Delta Air Lines, Inc., 727 Fed.Appx. 639, 641 (11th Cir. 2018).  In reversing, the panel held:

> Buchanan alleged facts to establish that Delta: (i) fabricated a reason for suspending and terminating her, (ii) fired other older workers for trivial reasons, (iii) prioritized hiring younger workers, and (iv) was in the process of replacing its older workers with younger workers. Taken in isolation, these facts would perhaps be too vague and non-specific to support a claim of age discrimination. But accepting as true for purposes of Delta's motion to dismiss that Buchanan was fired for a policy violation she did not commit, considered together, these allegations are enough to make out a plausible claim that the stated reasons for her

>  termination were pretextual and that her age was the cause of her termination.

Id. at 641-42. In Buchanan, "Delta's CEO publicly announced on multiple occasions that the company planned a push to hire younger workers such that half of Delta's workforce would be comprised of millennials by 2020. Based on her knowledge of Delta's workforce as an employee of three decades, she alleged that Delta could not hire large numbers of younger workers without eliminating many older workers to make room for them." Id.[1]

The Complaint also alleges Defendant prevented Plaintiff from hiring employees to staff the residential mortgage program but did not restrict the younger replacement following the demotion. The Complaint alleges the CEO's preference for younger employees while Plaintiff was still employed.

Defendant replaced Plaintiff with a much younger and less experienced employee. Defendant apparently regretted hiring Plaintiff. Defendant's CEO wanted younger employees who were willing to buy into the CEO's system. Corporate CEOs frequently discard older experienced employee who they find

---

[1]When considering whether remarks are probative of discrimination, courts assess the speaker's position in the organization, the content and purpose of the statement, and the temporal connection between the statement and the challenged employment action. Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 133 (3d Cir. 1997).  See Westmoreland v. TWC Administration LLC, 924 F.3d 718, 729 (4th Cir. 2019) (telling older employee to take care of "grandbabies" was powerful evidence of pretext and age discrimination).

are unwilling to bend the rules.

## VI.  BUT-FOR CAUSATION IS PROPERLY PLEADED

The Complaint alleges that Defendant adopted a preference to hire younger employees. Plaintiff's replacement was a younger employee who lacked the credentials to run a residential mortgage program.  Plaintiff's theory that the CEO believed that a younger replacement could be manipulated does not disprove motivation because of age. A plaintiff establishes a prima facie case of age discrimination by showing: (1) that he is a member of a protected group; (2) that he was subject to an adverse employment decision; (3) that he was qualified for the position; and (4) that he was replaced by a younger person. Skalka v. Fernald Envtl. Restoration Mgmt. Corp., 178 F.3d 414, 420 (6th Cir. 1999).[2] A finding of pretext under the McDonnell Douglas framework establishes unlawful motivation and but-for causation for the adverse action. See Durr v. Sec'y, Dept.of Veterans Affairs, 843 Fed.Appx. 246, 247 (11th Cir. 2021); Goostree v. State of Tenn., 796 F.2d 854, 863 (6th Cir. 1986).

Defendant's apparent desire to skirt regulations was carried out by

---

[2] Edwards v. Wallace Community College, 49 F.3d 1517, 1521 (11th Cir. 1995), holds that a "prima facie case is not wholly dependant upon meeting the fourth requirement of the McDonnell Douglas test." Pre-discharge discriminatory practices may suffice to establish the fourth element of the prima facie case.  See Howard v. Roadway Express, Inc., 726 F.2d 1529 (11th Cir. 1984).

consciously hiring an eager younger replacement and discarding Plaintiff based upon his age and perceived inflexibility. This is still age discrimination. See Machinchick v. PB Power, Inc., 398 F.3d 345, 353 (5th Cir. 2005) ("We have found that purely indirect references to an employee's age, such as comments that an employee needed to look "sharp" if he were going to seek a new job, and that he was unwilling and unable to "adapt" to change, can support an inference of age discrimination.").

The Eleventh Circuit has rejected Defendant's apparent argument that "but-for" causation requires that the discriminatory motive must be the "sole" cause of the adverse action. See Bird v. University of Fla. Board of Trustees, 2019 WL 13087801, at *3 (N.D. Fla. 2019). Unlawful discrimination can be the product of and "have multiple but-for causes." Bostock v. Clayton County, Georgia, 140 S.Ct. 1731, 1739 (2020). The Supreme Court has recently elaborated that "a but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a but-for cause." Bostock, 140 S.Ct. at 1739.

Plaintiff was replaced with a younger man because Defendant believed the younger man would be willing to skirt regulations. Accepting these factual allegations as true, Plaintiff stated an ADEA claim. A corporation's desire to exclude all homosexual employees from the workforce does not prevent sex from

being a but-for cause of the adverse action against the individual employee. Indeed, if "sex plays a role in the employment action," it is of no moment "that a factor other than sex 'might also be at work,' even if that other factor "play[s] a more important role [than sex] in the employer's decision." Id. at 1744. An employer's attempt to punish theft does not preclude race from being a but-for cause of the discharge. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 282 n.10 (1976) (Title VII plaintiff need not show that he was rejected solely on the basis of his race to establish race was a "but for" cause."). "But-for" causation "means a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision." Bostock, 140 S.Ct. at 1739.

The ADEA and Title VII prohibit discrimination based on a combination of protected and non-protected characteristics. See Frappied v. Affinity Gaming Black Hawk, LLC, 966 F.3d 1038, 1048 (10th Cir. 2020) (sex-plus-age claims); Shazor v. Professional Transit Management, Ltd., 744 F.3d 948, 958 (6th Cir. 2014); Jefferies v. Harris County Community Action Ass'n, 615 F.2d 1025, 1032 (5th Cir. 1980) (race and gender). Bostock is consistent with the general rule that "where two bases of discrimination exist, the two grounds cannot be neatly reduced to distinct components." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010).

WHEREFORE, Defendant's MTD should be denied. Defendant's unsupported speculative arguments about whether Plaintiff should prevail on the merits is outside the purview of Rule 12(b)(6).

        Respectfully submitted,

        BERMAN LAW FIRM, P.A.

By:   */s/ Craig L. Berman*
      Craig L. Berman, Esquire
      BERMAN LAW FIRM, P.A.
      Fla. Bar No. 068977
      111 Second Ave. N.E.; Suite 706
      St. Petersburg, FL 33701
      Phone: (727) 550-8989
      Fax: (727) 894-6251
      cberman@tampabay.rr.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 23, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        /s/ *Craig L. Berman*
        Attorney