UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
Tampa Division

JAMES HENNESSEY,
    Plaintiff,                            Case No. 8:23-cv-01289-WFJ-JSS

v.

CLIMATE FIRST BANK,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, CLIMATE FIRST BANK (the "Bank"), by and through the undersigned counsel and pursuant to this Court's Endorsed Order (Doc. 26) hereby files its Reply in Support of its Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") (Doc. 20).  For the reasons laid out below, as well as those articulated in its Motion to Dismiss, the Bank respectfully requests that this Court dismiss *with prejudice* the Amended Complaint filed by Plaintiff, JAMES HENNESSEY ("Hennessey"), for failing to comply with the pleading standards set forth in the Federal Rules of Civil Procedure.

**MEMORANDUM OF LAW**

**I.    The "No Set Of Facts" Standard Relied Upon By Hennessey Has Been Expressly Overruled.**

In his Memorandum in Opposition to the Bank's Motion to Dismiss (Doc. 24), Hennessey claims that the Bank misconstrues the pleading standard governing complaints under Rule 8.  *See* Opposition at p. 6 ("Defendant

improperly construes 'plausibility' as a 'probability' requirement…"). In reality, it is Hennessey himself who confuses the appropriate standard to which his Complaint must be held. To this end, Hennessey claims that "'[a] court may dismiss a complaint only if it is clear that *no relief could be granted under any set of facts* that could be proved consistent with the allegations.'" *See id.* at 7 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (emphasis added). However, the Supreme Court of the United States expressly overruled the "no set of facts" standard advanced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), explaining:

> The "no set of facts" language has been questioned, criticized, and explained away long enough by courts and commentators, *and is best forgotten* as an incomplete, negative gloss on an accepted pleading standard: *once a claim has been stated adequately*, it may be supported by showing any set of facts consistent with the allegations in the complaint. [The "no set of facts" language] described the breadth of opportunity to prove what an adequate complaint claims, *not the minimum standard of adequate pleading to govern a complaint's survival.*

*See id.* at 546 (emphasis added); *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008) ("[T]he main Rule 8(a) standard now seems to be whether the 'allegations plausibly suggest[ ] ([and are] not merely consistent with)' a violation of the law." (internal citation omitted)). In sum, in order to state a claim for relief, a complaint must do more than simply plead "any set of facts" that are consistent with discrimination; it must plead "factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). This is the essence of plausibility pleading as it exists today, and this standard – not the "no set of facts" approach discussed in *Swierkiewicz* – is what governs Hennessey's Complaint.

## II. Legal Conclusions Couched As Factual Allegations Are Not Sufficient To State A Claim For Relief.

"[A] formulaic recitation of the elements . . . will not do" to overcome dismissal. *Twombly*, 550 U.S. at 555. Despite this clear pleading requirement, each of Hennessey's two claims is based on the very kind of "legal conclusions couched as factual allegations" that courts have held are insufficient to state a claim for relief. *See Thelen v. Somatics, LLC*, No. 8:20-CV-1724-TPB-JSS, 2021 WL 1215006, at *1 n.1 (M.D. Fla. Mar. 31, 2021). Hennessey's Opposition itself highlights this failure. With respect to Count I (for discriminatory demotion), he indicates that his Complaint "alleges" that "Plaintiff was demoted because of his age;" with respect to Count II (for discriminatory termination), he indicates that the "well pleaded" allegations in support of such claim are that "Plaintiff was terminated because of his age." *See* Opposition at p. 3-4. These conclusory statements are not true factual allegations entitled to any consideration at this stage.

Similarly, Hennessey's allegations regarding the Bank's CEO's alleged plan to hire younger workers are not based on specific facts sufficient to create

3

any inference of plausible discrimination. For example, he claims that the Bank's CEO "decided he wanted to have younger executive employees," had a "plan to hire younger employees and present a youthful image," and "made conscious decisions to present a younger image to shareholders and potential investors." These claims all purport to make claims about the CEO's mental state – but there are no specific factual allegations to support Hennessey's claims that the CEO "decided," "planned," or "made conscious decisions" to do anything. Without more, these conclusory statements about the CEO's state of mind do nothing to suggest a reasonable inference of discrimination. Were the opposite to be true, any plaintiff could survive dismissal simply by pleading that an alleged decision-maker held discriminatory intent un-evidenced by any tangible, factual statements or conduct. Such is not the state of the law.

### III. Hennessey Has Not Pled A Plausible Claim For Relief.

Even taking the conclusory allegations in Hennessey's Amended Complaint as true, he has still failed to plead a plausible claim for demotion or termination on the basis of age.

#### a. Count I – Demotion

Hennessey has not plausibly pled that age was the but-for cause of his demotion, as required under the ADEA. By way of review, Hennessey alleges that the Bank's reason for his demotion was ***not actually his age***, but was instead the Bank's alleged desire to "avoid compliance with regulations" by

4

hiring an individual who had "no experience" with the same (who, coincidentally, happened to be younger).  *See* Amended Complaint at ¶ 15.

In his Opposition, Hennessey relies on *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020) for the proposition that "[u]nlawful discrimination can be the product of and 'multiple but-for causes.'"  *See* Opposition at p. 11 (citing *Bostock*, 140 S. Ct. at 1739).  *Bostock* is simply not applicable here.  *Bostock* dealt with the discrete question of whether discrimination on the basis of <u>sexuality</u> or <u>gender identity</u> amounts to discrimination on the basis of <u>sex</u> under Title VII of the Civil Rights Act of 1964.  In holding that the answer to this question is yes, the Court reasoned that when an employer discriminates on the basis of sexuality or gender identity, sex is effectively a but-for cause of the discrimination (*along with* another but-for cause – the individual's attraction to members of their own sex or a divergence between the individual's biological sex and gender identity). Importantly, Title VII claims are *not* held to a but-for causation standard; thus, the Court's discussion is best read as addressing a narrow question within Title VII regarding the connection between sex and sexuality/gender identity, *see Arora v. Nav Consulting Inc.*, 2022 WL 7426211, at *2–3 (N.D. Ill.), not as limiting or amending its previous holdings addressing the actual meaning of "but-for causation" with respect to claims brought under the ADEA.  *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) ("[T]he ordinary meaning of

5

the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act."). The *Bostock* Court itself recognized as much, indicating that "[t]he only question before us is whether an employer who fires someone simply for being homosexual or transgender has discharged or otherwise discriminated against that individual 'because of such individual's sex.'" *See Bostock*, 140 S. Ct. at 1753 (noting that "none of" the many laws that might be touched by their decision were before them and that they "do not prejudge any such question today").

The discussion of but-for causation in *Bostock* has been expressly held as inapplicable to claims brought under the ADEA and other statutes that expressly require but-for causation. See *Pelcha v. MW Bancorp, Inc.*, 988 F.3d 318, 324 (6th Cir.) (holding that "the rule in *Bostock* extends no further than Title VII and does not stretch to the ADEA" and reiterating that but-for causation under ADEA requires plaintiffs to show "that age was the *determinative* reason they were terminated; that is, they must show that age was *the reason* that the employer decided to act" (internal quotations and citation omitted) (emphasis added)), *cert. denied sub nom. Pelcha v. Watch Hill Bank*, 142 S. Ct. 461, 211 L. Ed. 2d 281 (2021).

Hennessey's Amended Complaint simply does not allege that age was a true but-for cause of the Bank's demotion decision. Instead, the Amended Complaint makes clear that it was Hennessey's alleged experience with federal

6

4889-3338-9438.1

regulations (and his replacement's alleged lack of similar experience) that allegedly motivated the Bank's decision. The fact that his replacement happened to be younger than him is pure coincidence. Importantly, Hennessey does *not* claim that the Bank hired his replacement because it *assumed* he has less experience based of his age; instead, he specifically claims that the Bank "chose to discard him to avoid compliance with regulations with which the younger replacement *had* no experience." *See* Amended Complaint at ¶ 15 (emphasis added). Had an older individual also lacked the at-issue experience, the Bank would have still achieved its alleged goals by hiring this individual to replace Hennessey. In this way, Hennessey's case is distinguishable from those cited throughout his Opposition for the proposition that discrimination can have more than one but-for cause. On this basis, Hennessey has not pled (and cannot plead) that but for his age,[1] he would not have been demoted.

### b. Count I – Termination

Hennessey has also not plausibly pled that age was the but-for cause of his termination, as there are no facts in the Amended Complaint that create a reasonable inference that intentional discrimination was the underlying cause

---

[1] Simply showing that age was a "motivating factor" in the Bank's decision-making is insufficient under the ADEA. *See Gross,* 557 U.S. at 174 ("Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor. Moreover, Congress neglected to add such a provision to the ADEA when it amended Title VII to [add the motivating factor standard], even though it contemporaneously amended the ADEA in several [other] ways…").

4889-3338-9438.1

of such termination.[2]  His Amended Complaint is devoid of any allegations specific to his termination. *See, e.g.,* Opposition at p. 5 (laying out the allegedly "well pleaded factual allegations" in support of Count II).[3]  In fact, there is not a single allegation relating to what happened to Hennessey in his new role once demoted.  *See Harakal v. Composite Motors, Inc.*, No. 8:22-CV-2192-TPB-JSS, 2022 WL 17782368, at *3 (M.D. Fla. Dec. 19, 2022).  Instead, Hennessey is essentially attempting to "ride the coattails" of allegations relating to his demotion to claim that his termination must somehow also have been based on his age.  These attempts are insufficient to state a claim for relief for his separate and independent claim of age-based discriminatory termination, and as a result dismissal of Count II is warranted.

## CONCLUSION

For these reasons, as well as those more fully articulated in its Motion to Dismiss, the Bank thus respectfully requests that this Court dismiss his Amended Complaint in full.  Moreover, because Hennessey has already had the opportunity to amend his Complaint once to save the same from dismissal, this dismissal should be made with prejudicial effect.

---

[2] Despite Hennessey's contention in his Opposition, the Bank does not argue that pleading a *prima facie* case is the only way to state a claim for relief under the ADEA.  However, Hennessey is *still* required to plead facts sufficient to create a reasonable inference that intentional discrimination motivated the Bank's actions.  He has not done so.

[3] The allegation that Hennessey was "replaced by an unqualified individual who had never directed a residential lending program" in Paragraph 27 of the Amended Complaint relates to the individual who replaced Hennessey when he was demoted, *not* terminated.

8

Dated: September 7, 2023.    Respectfully submitted,

/s/ *Mary Caroline Cravatta*

John S. Lord, Jr.
Florida Bar No. 16527
jlord@foley.com
avargas@foley.com
FOLEY & LARDNER LLP
One Biscayne Tower
2 South Biscayne Blvd.
Suite 1900
Miami, Florida 33131
Telephone:  (305) 482-8400

Mary Caroline Cravatta
Florida Bar No. 125712
mcravatta@foley.com
ctavarez@foley.com
FOLEY & LARDNER LLP
301 E. Pine Street
Suite 1200
Orlando, Florida 32801
Telephone: (407) 423-7656

**Counsel for Climate First Bank**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on September 7, 2023, a copy of the foregoing was electronically filed via CM/ECF, which will effect service on all counsel of record identified below:

Craig L. Berman, Esq.
BERMAN LAW FIRM, P.A.
111 Second Avenue N.E., Suite 706
St. Petersburg, Florida 33701
Telephone:  (727) 550-8989
craig@bermanlawpa.com
blfpa@yahoo.com
jennifer@bermanlawpa.com
service@bermanlawpa.com

*Counsel for Plaintiff*

                                           */s/Mary Caroline Cravatta*
                                           Mary Caroline Cravatta

4889-3338-9438.1