UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES HENNESSEY,

    Plaintiff,

v.                                                          Case No. 8:23-cv-1289-WFJ-JSS

CLIMATE FIRST BANK,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's motion to dismiss (Dkt. 20), Plaintiff's response (Dkt. 24), and Defendant's reply (Dkt. 27). After careful consideration of the allegations of the amended complaint (Dkt. 14), the submission of the parties, and the applicable law, the Court concludes the motion is due to be granted with leave to amend.

## BACKGROUND

Plaintiff James Hennessey, who is over fifty years old, was employed by Defendant Climate First Bank (the "Bank") from August 8, 2022, until April 3, 2023. Dkt. 14 ¶¶ 8, 9, 21. The Bank hired Plaintiff as its Senior Vice President and Director of Residential Lending. *Id*. ¶ 8. Plaintiff alleges that he was hired because the Bank knew of his decades of experience and that he was "highly competent." *Id*. ¶¶ 10, 15. Four months after he was hired, the Bank "adopted a

covert plan" to hire "younger executive employees" so that it could present a more "youthful image" and "manipulate" the younger employees to "skirt federal lending regulations." *Id*. ¶¶ 13, 16, 18.

Apart from this scheme, Plaintiff alleges that some "executives reporting directly to Defendant's CEO made disparaging [sic] about an older executive." *Id*. ¶ 14. Plaintiff asserts that the Bank "replaced a senior vice president in the human resources department based "in part on her age." *Id*. This HR executive was replaced with a "much younger" white female "with no significant experience." *Id*. ¶ 18. Moreover, "Defendant replaced other senior executive[s] based on age and other unlawful factors." *Id*. ¶ 24.

In January 2023, Plaintiff was replaced by someone "decades younger," and he was demoted to a position akin to a loan officer. *Id*. ¶¶ 16, 17. The younger replacement became Plaintiff's supervisor. *Id*. ¶ 18. Plaintiff was "offered no legitimate non-discriminatory reason" for either his demotion or his termination three months later. *Id*. ¶¶ 17, 21. He was replaced by a "much younger" employee who "fit the CEO's plan to hire younger executives." *Id*. ¶ 18. Plaintiff alleges the replacement had no experience and was unqualified. *Id*. ¶¶ 15, 20, 23, 27. According to Plaintiff, the Bank "ordered" his replacement to "discharge Plaintiff because Defendant made conscious decisions to present a younger image to stakeholders and potential investors." *Id*. ¶ 28.

2

Plaintiff brings this age discrimination action against the Bank under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)–(b), seeking damages for his demotion (Count I) and damages for his discharge (Count II). Defendant seeks dismissal, arguing that Plaintiff has failed to state any facially plausible claims of intentional age-based discrimination.

## PLEADING STANDARD

In reviewing the amended complaint, the Court accepts all factual allegations, not legal conclusions, as true and draws all reasonable inferences from those facts in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (concerning reasonable inferences); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating legal conclusions "couched" as facts need not be accepted as true).[1] To survive a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., the complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is "plausible on its face" when the content of the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 566).

---

[1] *See also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (stating "legal conclusions masquerading as facts" will not prevent dismissal).

3

## DISCUSSION

To state a *prima facie* case of age discrimination under the ADEA, Plaintiff must allege that he was over the age of 40 when he was subjected to an adverse employment action, that he was replaced by a substantially younger person, and that he was qualified for the position he held. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1298 (11th Cir. 2015) (*per curiam*) (citation omitted). Plaintiff must show that his age was the "but-for" cause of the employer's adverse employment action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009); *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013).[2]

In this case, the amended complaint relies on facts of a circumstantial nature, as opposed to direct or statistical evidence. *See Alvarez v. Royal Atl. Dev., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010) (noting that intentional discrimination may be established through direct, statistical, or circumstantial evidence). Although Plaintiff is not required to establish a *prima facie* case in a pleading based on these types of facts,[3] the amended complaint for age-based employment discrimination case must still allege "enough factual matter to plausibly suggest intentional

---

[2] *See also Denevee v. DSLD Homes Gulf Coast, LLC*, 857 F. App'x 518, 521 (11th Cir. 2021) (unpublished order) (citing *Gross* and *Sims* in support of "but-for" causation in ADEA case); *Robinson v. Walmart Stores East, LP*, No. 21-10560, 2021 WL 5881756, at *3 (11th Cir. Dec. 13, 2021) (unpublished order) (citing *Gross* and noting that employee must show age was the "but-for" cause of adverse employment action).
[3] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) (noting that *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973), sets forth an evidentiary standard, not a pleading requirement).

discrimination." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)). Plaintiff must set forth facts showing that the Bank discriminated against him based on his age, not just a "sheer possibility" that Defendant "acted unlawfully" or that the facts are "merely consistent with" Defendant's liability. *Iqbal*, 556 U.S. at 678.

## Count I: Demotion

Defendant argues that Plaintiff has not alleged factual content stating that he was 1) qualified for the director position, and 2) demoted "because of" his age. Plaintiff disagrees.

With respect to qualifications, the amended complaint states that the Bank "knew" Plaintiff was not only "highly competent" but also knowledgeable about federal reserve regulations. Dkt. 14 ¶¶ 12, 15. Apparently, Plaintiff was so knowledgeable about the complexities of the regulations that he convinced the Bank that it needed to hire specialized employees and software. *Id*. ¶ 13. Presumably, the Bank knew, as Plaintiff alleges, that he had "decades of experience leading residential lending operations." *Id*. ¶ 10. Plaintiff was indeed either approaching 50 or already in his 50s when the Bank hired him.

In contrast, Plaintiff's replacement "lacked adequate knowledge or experience to run a residential lending program" and had "never directed a

5

residential lending program." *Id.* ¶¶ 23, 27. The new director was "decades younger" than Plaintiff. *Id.* ¶ 16. On balance, the Court finds that Plaintiff has met the minimum pleading standard that he was qualified for the director position.[4]

The second issue addresses the "but-for" causation requirement under the ADEA. *See Gross*, 557 U.S. at 176; *Sims*, 704 F.3d at 1332. The Bank argues that Plaintiff's allegations of a plot to hire young people to avoid compliance with regulations goes to the lack of a young person's experience, not age. The Bank suggests that if multiple reasons exist on the face of the pleadings for Plaintiff's demotion, then age could not be "the reason" for his demotion.

This argument is not dispositive. At the pleading stage, Plaintiff will not be foreclosed from moving forward on the theory that the Bank's decision to hire young people stems from their supposed malleability in following corporate policy based on their relatively young age. Defendant will have the opportunity later to argue whether Plaintiff has proven that age was the reason for his demotion.

With respect to the alleged policy or company decision, the amended complaint must nonetheless allege *some* facts to support the theory. Here, more factual matter is needed to conclude from the face of the pleading that the Bank

---

[4] Although Plaintiff is not required to state all his qualifications and his replacement's lack of qualifications in the complaint, this element must be proved at a later stage of the proceedings after further factual development.

employed a scheme or plan to deliberately promote younger employees, and in particular his replacement, at the expense of older employees like Plaintiff. Plaintiff should allege a sufficient factual content to show how he was made aware of or had reason to suspect this recent change in direction of the Bank. He should state what, if anything, was done or said; who, if anyone, communicated, heard, or observed the policy; and when, approximately, did all of this occur. In short, the facts must plausibly suggest that Defendant intentionally discriminated against Plaintiff by demoting him "because of" his age.

### *Count II: Termination*

Count II suffers the same infirmity as Count I with the additional failure to clearly identify if the facts leading up to the termination are different in any way from those resulting in his demotion. Notably, the two adverse employment actions allegedly occurred at least three months apart.

The amended complaint states, but only in conclusory fashion, that Plaintiff was terminated because "Defendant made conscious decisions to present a younger image to stakeholders and potential investors." Dkt. 14 ¶ 28. An employer's decision to hire younger employees, without more, does not mean that if a substantially older employee is fired, then that older employee was fired because of his or her age. *Cf. Miles v. So. Cent. Human Res. Agency, Inc.*, 946 F.3d 883, 896 (6th Cir. 2020) (commenting in summary judgment context that an agency's desire

7

"to attract young people" does not "speak to terminating older employees"). Plaintiff must allege facts that plausibly assert Defendant intentionally discriminated against him. *Booth v. GTE Fed. Credit Union,* No. 8:21-cv-1509-KKM-JSS, 2021 WL 5416690, at *2 (M.D. Fla. Nov. 20, 2021) (finding complaint sufficient). The factual content must give rise to a reasonable inference that the Bank, through its plan or otherwise, intentionally discriminated on the basis of age.

Applying the applicable pleading standard, the Court finds the amended complaint does not quite "nudge" the ADEA claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, Defendant's motion to dismiss (Dkt. 20) is granted with leave to amend. The amended complaint is dismissed without prejudice. Plaintiff must file any amended complaint within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on October 31, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record