UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES HENNESSEY**,

    Plaintiff,

v.                                                                       Case No. 8:23-cv-1289-WFJ-JSS

**CLIMATE FIRST BANK**,
a Florida corporation,

    Defendant.
_____/

**ORDER**

    Before the Court is Defendant Climate First Bank's ("First Bank") Motion to Dismiss (Dkt. 30). Plaintiff James Hennessey has responded in opposition (Dkt. 31), and First Bank has replied (Dkt. 32). Upon careful consideration, the Court denies First Bank's Motion.

**BACKGROUND**

    Around April 2022, First Bank decided to establish a residential mortgage loan division. Dkt. 29 at 3. Allegedly having "no experience in the field or employees who could implement such a division[,]" First Bank reached out to individuals with residential retail mortgage lending experience. *Id.* This included Mr. Hennessey. *Id.*

    After multiple inquiries, Mr. Hennessey reluctantly agreed to participate in a rather involved interview process with First Bank. *Id.* at 4. In addition to written

evaluations and personality testing, Mr. Hennessey personally met with Chief Executive Officer Ken LaRoe, President Frank Ford, Executive Vice President and Senior Lender Jeff Cowherd, Senior Vice President of Operations Blaine Worrack, and Human Resources Generalist Jennifer Beigemeier. *Id.* During these interviews, Mr. Cowherd allegedly "asked [Mr. Hennessey] how old he was when he began work and how long he has worked." *Id.* at 9. Mr. Hennessey was approximately fifty-five or fifty-six years old at the time with over thirty years of experience. *Id.* at 2, 5.

Mr. Hennessey claims that the interview process revealed a number of problems that First Bank would face in opening a residential mortgage loan division. To begin with, First Bank was missing multiple components necessary to run such a division, including a loan operating system and the ability to pull mortgage credit reports. *Id* at 4. First Bank also allegedly had no existing residential mortgage employees. *Id.* Mr. Hennessey consequently asked Mr. LaRoe, Mr. Ford, and Mr. Cowherd whether he would be able to hire department staff to assist him. *Id.* at 5. They purportedly assured him that he would be able to hire staff and that such staff would not be subject to the extensive hiring practices currently in place. *Id.*

Around August 8, 2022, Mr. Hennessey commenced his employment with First Bank as its Senior Vice President and Director of Residential Lending. *Id.* He began referring candidates for staff positions and working on marketing initiatives shortly thereafter. *Id.* at 5–7. Unfortunately, despite First Bank's prior assurances,

all of the candidates recommended by Mr. Hennessey—each of whom were over the age of fifty—were subject to cumbersome hiring procedures similar to those discussed above. *Id.* at 6–7. Only three were hired in Mr. Hennessey's first five months. Mr. Hennessey claims that "[d]uring meetings, [Mr.] Cowherd implicitly encouraged [him] to hire younger applicant by asking . . . for Al Coven's age[.]" *Id.* at 9. Mr. Coven was ultimately hired, but this "left [Mr. Hennessey] with the impression that a younger person would be hired with less scrutiny." *Id.*

Notwithstanding the praise Mr. Hennessey allegedly received from Mr. LaRoe for his marketing efforts, on January 13, 2023, First Bank hired Felipe Ferreira to replace him. *Id.* at 7. Mr. Ferreira was thirty-eight years old at the time. *Id.* Mr. Hennessey claims that Mr. Ferreira had significantly less experience in the field of residential mortgage lending, and that Mr. Ford hired Mr. Ferreira because of his relative youth. *Id.* at 8. Around this time, Mr. Hennessey also allegedly heard Mr. Cowherd commenting on Mr. Ford's age in an employee meeting. *Id.* at 9.

"After [Mr.] Ferreira replaced [Mr. Hennessey], [First Bank] [allegedly] permitted [Mr.] Ferreira to hire loan officers, loan processors, and anyone else he wanted as such employees were generally younger[.]" *Id.* at 8. Then, around April 3, 2023, Mr. Ferreira "terminated [Mr. Hennessey's] employment without any explanation." *Id.* Mr. Hennessey claims that he was demoted, replaced by Mr. Ferreira, and ultimately fired because of his age. *Id.* at 9–10.

On November 14, 2023, Mr. Hennessey filed his Second Amended Complaint against First Bank. *Id.* at 1. He asserts two claims: discriminatory demotion (Count I) and termination (Count II) in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 620 *et seq. Id.* at 9–10. First Bank now moves to dismiss the Second Amended Complaint with prejudice. Dkt. 30.

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While this standard does not require detailed factual allegations, it demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

The ADEA makes it "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). "A complaint asserting employment discrimination under the

ADEA need not contain specific facts establishing a *prima facie* case." *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Still, it must "provide enough factual matter to plausibly suggest intentional discrimination." *Id.* (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam)).

Mr. Hennessey has met this low notice-pleading burden. Based on the facts contained within the Second Amended Complaint, which the Court must accept as true at this stage, First Bank had a significant and questionable focus on age. First Bank employees allegedly asked Mr. Hennessey about his age during his hiring process, asked Mr. Hennessey about Mr. Coven's age during Mr. Coven's hiring process, and made a number of other general comments about age throughout Mr. Hennessey's tenure. This focus purportedly translated to unfavorable hiring conditions for ADEA protected applicants and unfavorable employment conditions for Mr. Hennessey. First Bank then demoted Mr. Hennessey and replaced him with a younger individual who was allegedly far less experienced and who was allegedly unencumbered in his attempts to hire younger staff members. Finally, without explanation, First Bank terminated Mr. Hennessey after Mr. Ferreira himself had allegedly acknowledged that even Mr. Hennessey's initial demotion was unjustified. *See* Dkt. 29 at 8. The totality of these circumstances plausibly suggest that First Bank

may have replaced and terminated Mr. Hennessey due to his age after initially leveraging his experience to jumpstart a residential mortgage loan division.

While the Court recognizes that circumstantial evidence of this nature could be consistent with lawful behavior, the Court emphasizes "that discrimination claims are particularly vulnerable to premature dismissal because civil rights plaintiffs often plead facts that are consistent with both legal and illegal behavior, and civil rights cases are more likely to suffer from information-asymmetry, pre-discovery." *Woods v. City of Greensboro*, 855 F.3d 639, 652 (4th Cir. 2017). The facts here undoubtedly fall into this mixed category. Mr. Hennessey has nevertheless "alleged facts adequate to raise [his] right to relief above a speculative level. This [is] all that [is] required at the pleading stage." *Buchanan*, 727 F. App'x at 642 (citation omitted).

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) First Bank's Motion to Dismiss (Dkt. 30) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on December 21, 2023.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record